Central Trust Co. v. Mahin.

---

No. 25,496.

THE CENTRAL TRUST COMPANY, *Appellee,* v. FRANK W. MAHIN et al., *Appellants.*

SYLLABUS BY THE COURT.

JURY—*Suit Upon Note and to Foreclose Mortgage—Right to Trial by Jury.* In a suit upon a note and to foreclose a mortgage, the only defense averred in the answer was want of consideration. Defendant demanded a jury trial, which was refused. Upon the trial defendant admitted receiving consideration in full for the note and mortgage. That payments were in default, and the amounts due plaintiff were not controverted. *Held,* the refusal of a jury was not an error which affected the substantial rights of defendant.

Appeal from Smith district court; WILLIAM R. MITCHELL, judge. Opinion filed March 7, 1925. Affirmed.

*F. W. Mahin,* and *Hilary D. Mahin,* both of Smith Center, for the appellants.

*L. C. Uhl, L. C. Uhl, Jr., A. W. Relihan, T. D. Relihan,* and *J. T. Reed,* all of Smith Center, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action upon a promissory note for $12,000, and to foreclose a mortgage given to secure it. Judgment was rendered for plaintiff, and defendants have appealed.

The petition contained the usual allegations. The answer of the defendants F. W. Mahin and wife admitted the execution by them of the note and mortgage, but alleged (1) want of consideration; (2) that the "loan was made at the request of and for the benefit of the plaintiff"; and (3) that the execution of the instruments was induced by fraud, as follows: That the president of plaintiff "promised these defendants that if they would procure a deed of conveyance to F. W. Mahin to the land described in plaintiff's petition and execute and deliver to the plaintiff herein the note and mortgage therein set out, and thereafter would redeem the land to the former owners, that this plaintiff would look to the land covered by said mortgage and to the former owners . . . for the full payment of said note and mortgage, and would release these defendants from any and all liability by reason of having executed said note and mortgage," and that defendants relied and acted upon such promise. Plaintiff replied by general denial.

Let us first see what issues were joined by these pleadings. The fraud attempted to be pleaded is an insufficient defense for two reasons: First, a promise to do something at a future time ordinarily is not such fraud as will invalidate the execution of written instruments; and second, the promise relied upon is that the maker would not be held personally liable on the note, and this would contradict the terms of written instruments thereafter made. The statement in the answer, that the loan was made at plaintiff's request, is wholly insufficient as a plea of accommodation maker and stated no defense. The only defense stated in the answer was a want of consideration.

Appellant complains that he was denied a jury trial, which he demanded. There might be some merit in that if the evidence left room for any doubt about the consideration, but it did not. Defendant testified that he received $12,000 from plaintiff for the note and mortgage, and he told what he did with it. There was no controversy about it; neither was there any controversy about the payments being in default when the action was brought. Had a jury been called, it would have been the duty of the court to give

a peremptory instruction for plaintiff. Hence if there was error in denying a jury, it did not affect the rights of the parties and does not require a reversal.

The judgment of the court below is affirmed.